UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**TONY ARCENEAUX ET AL**              **CASE NO. 2:23-CV-01341**

**VERSUS**                            **JUDGE JAMES D. CAIN, JR.**

**BO-MAC CONTRACTORS LTD**            **MAGISTRATE JUDGE LEBLANC**

MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 16] filed by defendant Bo-Mac Contractors Ltd, seeking dismissal of plaintiffs' tort claims. Plaintiffs oppose the motion. Doc. 18.

I.
BACKGROUND

This suit arises from injuries suffered by plaintiff Tony Arceneaux, an employee of Louisiana Scrap Metals Recycling Lake Charles, LLC ("LA Scrap"), while unloading a dumping container at the LA Scrap facility on August 17, 2022. At that time contractor Bechtel Oil, Gas, and Chemicals, Inc. ("Bechtel") had subcontracted with defendant BO-MAC Contractors, Ltd ("Bo-Mac") to assist with the deactivation, removal, and disposal of debris at the Driftwood LNG site pursuant to Bechtel's contract with the owner, Driftwood LNG LLC. Doc. 16, att. 2, pp. 3–4, 274–85. Bo-Mac, in turn, subcontracted with LA Scrap under a "Hold Harmless" agreement to assist with the removal and disposal of debris. Doc. 1, att. 2, ¶¶ 3–4; *see* doc. 16, att. 2, pp. 300–04. That agreement states, in relevant part:

> CONTRACTOR will provide scrap metal container drop off and pickup service (the "WORK") at facilities owned and operated by BO-MAC and/or BO-MAC's Client (herein FACILITIES) in a contractual relationship. CONTRACTOR will be required to visit these facilities for the purpose of performing the WORK subject to the terms and conditions set forth in this agreement.
> THE PARTIES AGREE AS FOLLOWS:
>> 1. **WORK PROVIDED/PERFORMED AT THE FACILITIES:** In consideration of CONTRACTOR's covenants hereinafter made, BO-MAC does hereby grant to CONTRACTOR and its employees and agents the right to WORK at the FACILITIES. CONTRACTOR shall limit its activities at the facilities to the areas and times designated by BO-MAC. All of CONTRACTOR's personnel shall at all times be subject to and comply strictly with BO-MAC's standard requirements for safety, prohibition of drug use, and other contractors at the FACILITIES. This grant of rights shall be strictly construed and may be revoked by BO-MAC, with written notification as set forth in Section 5.

*Id.* at 300. Bo-Mac provides a declaration from its president, who avers that the purpose of this contract was "to assist with the disposal and removal of debris at the Driftwood LNG site." *Id.* at 2.

Arceneaux alleges that he was injured because the container had been improperly loaded by Bo-Mac employees at the Driftwood LNG site. Doc. 1, att. 2, ¶¶ 3–7. He and his spouse filed suit in state court, raising tort claims against Bo-Mac. Bo-Mac then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

Bo-Mac now moves for dismissal of plaintiffs' claims, alleging that it is immune from suit under Louisiana law because it was Arceneaux's statutory employer. Doc. 16. To this end it employs the "two-contract" theory, arguing that the statutory employer relationship arises not from Bo-Mac's contract with LA Scrap but instead from Bechtel's contract with Bo-Mac. Arceneaux opposes the motion and maintains that the two-contract theory does not apply in this matter. Doc. 18.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Under the Louisiana Workers' Compensation Act ("LWCA"), an employer is liable for compensation benefits to an employee who is injured because of an accident arising out of the course and scope of his employment. La. Rev. Stat. § 23:1031(A). In return, the employee is limited to recovery of workers' compensation as his exclusive remedy for such accidents. *Id.* These provisions extend not only to direct employers but also to "statutory employers." *Id.* at § 23:1032. "Simply put, a statutory employer/employee relationship can arise when, in conformance with La. Rev. Stat. § 23:1061, a principal hires a contractor to perform services that are part of the principal's business; in this situation, the principal can become the statutory employer of the contractor's employees." *Nielsen v. Graphic Packaging Int'l, Inc.*, 469 F. App'x 305, 307 (5th Cir. 2012).

The statute provides two alternative defenses: (1) when the principal undertakes work that is a part of his trade, occupation, or business by means of a contract with another, or (2) when the principal has contracted to perform work and subcontracts all or a portion of the work to another (the "two-contract" theory of the statutory employer defense). *Groover v. Scottsdale Ins. Co.*, 586 F.3d 1012, 1015 (5th Cir. 2009) (citing *Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Auth.*, 842 So.2d 373, 378 (La. 2003)). The latter arises because a general contractor is typically required to pay workers'

compensation to a subcontractor's employee who is injured on the job and is thus exempt from work-related tort liability to the subcontractor's employee. *Id.* at 1014. To invoke this immunity the defendant must show that (1) the principal entered into a contract with a third party; (2) work must be performed pursuant to that contract; and (3) the principal entered into a subcontract for all or part of the work in order to fulfill its contractual obligation. *Allen*, 842 So.2d at 379. "In other words, this defense only applies when the principal is sandwiched between two contracts." *Frantom v. United States of America*, 2021 WL 4343949, at *3 (W.D. La. Sep. 22, 2021). Under the two-contract theory, immunity is extended to all principals along the contractual chain, "however far removed from the direct employer of the injured worker, who contracted to perform the work in which the injured party is engaged at the time of injury." *Berard v. Lemoine Co.*, 169 So.3d 839, 845 (La. Ct. App. 3d Cir. 2015).

  Plaintiffs maintain that the second contract, the Hold Harmless agreement between LA Scrap and Bo-Mac, is too indefinite to qualify under the third prong because it does not set forth the work that must be fulfilled as part of Bo-Mac's obligations to Bechtel and because of provisions requiring LA Scrap to release Bo-Mac from liability and name it as an additional insured on various policies, with the exception of its workers' compensation coverage. These boilerplate provisions have no bearing on the scope of work, however, and its relation within the chain of contracts. The agreement defines LA Scrap's work as drop-off and pickup services for scrap metal containers. Doc. 16, att. 2, p. 300. Meanwhile, Bo-Mac's work for Bechtel is "deactivation and demolition of existing buildings,

structures, and site infrastructure." Doc. 16, att. 2, p. 274. Under the Scope of Work, the contract provides:

> 2.4.3 All debris other than those specified in 2.4.4 and 2.4.5 below becomes the property of the SUBCONTRACTOR and shall be removed and disposed of by SUBCONTRACTOR. SUBCONTRACTOR shall keep track of the chain of custody of any material hauled off-site for disposal. SUBCONTRACTOR shall provide information of the facilities where the various material will be hauled to and disposed of, and provide certificate of disposal when required.
>
> 2.4.4 Concrete debris shall be crushed and stockpiled on site. SUBCONTRACTOR shall remove reinforcing steel, crush concrete to 3" maximum size, and stockpile the recycled concrete at a designated are on the west side of the plant. Reinforcing steel shall be removed and disposed of by SUBCONTRACTOR.
>
> 2.4.5 Spool rack sleepers shall be stacked at a designated area on the west side of the plant.

Doc. 16, att. 2, p. 283. Plaintiffs admitted in their petition, in their opposition to the Motion for Summary Judgment, and in their Joint Rule 26(f) Report that Tony Arceneaux's work at the time of the accident was associated with Bo-Mac's remediation work at the Driftwood LNG facility. Doc. 1, att. 1, ¶ 4; doc. 12, p. 2; doc. 18, p. 1. Plaintiffs also present nothing to refute the declaration of Bo-Mac's president that the purpose of the Hold Harmless agreement between Bo-Mac and LA Scrap was for LA Scrap's assistance "with the disposal and removal of debris at the Driftwood LNG site." Doc. 16, att. 2, p. 2. There is thus no dispute that Arceneaux's employer, LA Scrap, was contracted to perform the work that Driftwood LNG had contracted to Bechtel and that Bechtel had then subcontracted to Bo-Mac. Tony Arceneaux's sole remedy lies in workers' compensation, and Bo-Mac notes that such an action has already been filed. Additionally, his spouse's claims are barred by Bo-Mac's statutory immunity. *E.g.*, *Fontenot v. Citgo Petroleum Corp.*, 2013 WL 5781310, at *2 (W.D. La. Oct. 24, 2013) ("A claim by the spouse of an injured worker for loss of consortium is barred when the injury is covered by worker's

compensation.") (internal quotations omitted). Accordingly, summary judgment must be granted to Bo-Mac on all claims in this matter.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 16] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 4th day of June, 2024.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**